United States District Court
Southern District of Texas
**ENTERED**
March 07, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LARRY JOHNSON, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:17-CV-3703 |
| § | |
| S. FRESHOUR, *et al*, § | |
| § | |
| Respondents. § | |

## ORDER OF PARTIAL DISMISSAL AND TO TRANSFER

Larry Johnson is an inmate in the Texas Department of Criminal Justice ("TDCJ"). He filed a complaint under 42 U.S.C. § 1983 alleging violations of his rights by several TDCJ officials and employees. The defendants are: S. Freshour, a Corrections Officer; K. Garza, an Assistant Warden; D. Jones, a Property Officer; D. Bagley, Access to the Courts Officer; B. Boger, a Corrections Captain; and B. Howard, a Grievance Officer. Defendant Howard works at TDCJ's administrative offices in Huntsville, Texas. The other defendants work at TDCJ's Gurney Transfer Unit in Palestine, Texas. Johnson alleges that his legal materials were destroyed, he was denied access to the courts, and that his grievances were improperly processed.

Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no cognizable claims, the court must dismiss the complaint.

Johnson's allegations against defendant Howard merely assert liability based on Howard's alleged failure to investigate Johnson's grievances. See Complaint at 3; More Definite Statement at 3. The Fifth Circuit has held, however, that an inmate does not have a protected liberty interest in the processing of grievances. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Therefore, Howard's alleged failure to investigate Johnson's grievances does not implicate any federally protected right, and Johnson's claims against Howard must be dismissed.

The remainder of Johnson's claims involve events at the Gurney Transfer Unit, which is located in Anderson County, Texas. Anderson County is located in the Eastern District of Texas, Tyler Division. *See* 28 U.S.C. § 124(c)(1).

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought. *See* 28 U.S.C. §§ 1404, 1406. In particular, § 1404 provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

28 U.S.C. § 1404(a). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir 1999). In the interest of justice, and for the convenience of the parties and witnesses, this Court concludes that the plaintiff's complaint should be transferred to the Eastern District, Tyler Division, where the defendants are employed and the alleged events giving rise to this lawsuit occurred, pursuant to 28 U.S.C. §§ 1391(b)(2), 1404(a).

Accordingly, it is ORDERED that Johnson's claims against defendant Howard are DISMISSED pursuant to 28 U.S.C. § 1915A.  It is FURTHER ORDERED that the Clerk of Court shall **TRANSFER** the remaining claims to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division.

It is so ORDERED.

SIGNED on this 1st day of March, 2018.

_____
Kenneth M. Hoyt
United States District Judge